## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GERON CORP<br>230 Constitution Drive<br>Menlo Park, CA 94025<br><br>               Plaintiff,<br><br>        v.<br><br>HON. JON W. DUDAS<br>Under Secretary of Commerce for Intellectual<br>Property and Director of the United States Patent<br>and Trademark Office<br>Office of General Counsel,<br>United States Patent and Trademark Office<br>P.O. Box 15667, Arlington, VA  22215<br>Madison Building East, Rm. 10B20<br>600 Dulany Street, Alexandria, VA  22314<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No._____ |

## COMPLAINT

Plaintiff, GERON CORP, for its complaint against the Honorable Jon. W. Dudas, states as follows:

## NATURE OF THE ACTION

1.     This is an action by the assignee of United States Patent No. 7,425,448 ("the '448 patent") seeking judgment, pursuant to 35 U.S.C. § 154(b)(4)(A), that the patent term adjustment for the '448 patent be changed from 1009 days to at least 1532 days.

2.     This action arises under 35 U.S.C. § 154 and the Administrative Procedures Act, 5 U.S.C. §§ 701-706.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction to hear this action and is authorized to issue the relief sought pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1361, 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

4.     Venue is proper in this district by virtue of 35 U.S.C. § 154(b)(4)(A).

5.     This Complaint is timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

## THE PARTIES

6.     Plaintiff GERON CORP is a corporation organized under the laws of Deleware, having a principal place of business at 230 Constitution Drive, Menlo Park, CA 94025.

7.     Defendant Jon W. Dudas is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("PTO"), acting in his official capacity. The Director is the head of the agency, charged by statute with providing management supervision for the PTO and for the issuance of patents. The Director is the official responsible for determining the period of patent term adjustment under 35 U.S.C. § 154.

## BACKGROUND

8.     Chunhui Xu is the inventor of U.S. patent application number 10/193,884 ("the '884 application") entitled "Cardiomyocyte Precursors from Human Embryonic Stem Cells," which was issued as the '448 patent on September 16, 2008. The '448 patent claims systems for the production of human cardiomyocytes from embryonic stem cells. The '448 patent is attached as Exhibit A.

9.     Plaintiff GERON CORP is the assignee of the '448 patent, as evidenced by the assignment documents recorded in the PTO.

10.    Section 154 of title 35 of the United States Code requires that the Director of the PTO grant a patent term adjustment in accordance with the provisions of section 154(b). Specifically, 35 U.S.C. § 154(b)(3)(D) states that "[t]he Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the procedures established under this subsection, notwithstanding any appeal taken by the applicant of such determination."

11.    In determining patent term adjustment, the Director is required to extend the term of a patent for a period equal to the total number of days attributable to delay by the PTO under 35 U.S.C. § 154(b)(1), as limited by any overlapping periods of delay by the PTO as specified under 35 U.S.C. § 154(b)(2)(A), any disclaimer of patent term by the applicant under 35 U.S.C. § 154(b)(2)(B), and any delay attributable to the applicant under 35 U.S.C. § 154(b)(2)(C).

12.    The Director made a determination of patent term adjustment pursuant to 35 U.S.C. § 154(b)(3) and issued the '448 patent reflecting that determination.

13.    Plaintiff GERON CORP filed a Request for Reconsideration of Patent Term Adjustment on October 22, 2008, requesting that the term of this patent be adjusted by 1532 days.

14.    35 U.S.C. § 154(b)(4)(A) provides that "[a]n applicant dissatisfied with a determination made by the Director under paragraph (3) shall have remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after grant of the patent.  Chapter 7 of title 5 shall apply to such an action."

## CLAIM FOR RELIEF

15.     The allegations of paragraphs 1-14 are incorporated in this claim for relief as if fully set forth.

16.     The patent term adjustment for the '448 patent, as determined by the Director under 35 U.S.C. § 154(b) and indicated on the face of the '448 patent, is 1009 days.  (*See* Ex. A at 1.)  The determination of this 1009 day patent term adjustment is in error because the PTO failed to properly account for the delays that occurred before the date that was three years after the actual filing date of the '884 application, pursuant to 35 U.S.C. § 154(b)(1)(A).  The correct patent term adjustment for the '448 patent is at least 1532 days.

17.     The '884 application was filed on July 12, 2002, and issued as the '448 patent on September 16, 2008.

18.     Under 35 U.S.C. § 154(b)(1)(A), the number of days attributable to PTO examination delay ("A Delay") is 1090 days.

19.     Under 35 U.S.C. § 154(b)(1)(B), the number of days between the date that was three years after the actual filing date of the '884 application (July 12, 2005) and the date that the '448 patent was granted (September 16, 2008) ("B Delay") is 1162 days.

20.     Under 35 U.S.C. § 154(b)(2)(C), the number of days of applicant delay is 153 days.

21.     35 U.S.C. § 154(b)(2)(A) provides that "to the extent that periods of delay attributable to grounds specified in paragraph [b](1) overlap, the period of any adjustment . . . shall not exceed the actual number of days the issuance of the patent was delayed."  The overlap between the "A Delay" period and the "B Delay" period in the prosecution of the '448 patent (*i.e.*, the period of "A Delay" that occurred between July 12, 2005, and September 16, 2008) is 567 days.

22.     The '448 patent is not subject to a disclaimer of term.  Thus the period of patent term adjustment is not limited under 35 U.S.C. § 154(b)(2)(B).

23.     Accordingly, the correct patent term adjustment under 35 U.S.C. § 154(b)(1) and (2) is the sum of the "A Delay" and "B Delay" (1090 + 1162= 2252 days) reduced by the number of days of "A delay" that occurred more than three years after the filing date of the '884 application (567 days) and reduced by the number of days of applicant delay (153 days) for a net adjustment of 1532 days.

24.     The Director erred in the determination of patent term adjustment by treating the entire period of PTO examination delay, and not only the period of PTO examination delay that occurred after the date that was three years after the actual filing date of the '884 application, as the period of overlap between the "A Delay" and the "B Delay."  Thus, the Director erroneously determined that the net patent term adjustment should be limited under 35 U.S.C. § 154(b)(2)(A) by 1090 days, rather than the correct number of 567 days, and arrived at a net patent term adjustment of 1009 days.

25.     In *Wyeth v. Dudas*, 580 F. Supp. 2d 138 (D.D.C. 2008), this Court explained the proper construction of the provisions of 35 U.S.C. § 154(b) for determining patent term adjustment.  In accordance with *Wyeth*, the patent term adjustment for the '448 patent is properly determined to be 1532 days, as set forth above.

26.     The Director's determination that the '448 patent is entitled to only 1009 days of patent term adjustment is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law and in excess of statutory jurisdiction, authority, or limitation.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands judgment against Defendant and respectfully requests that this Court enter Orders:

A.     Changing the period of patent term adjustment for the '448 patent term from 1009 days to 1532 days and requiring the Director to extend the term of the '448 patent to reflect the 1532 day patent term adjustment.

B.     Granting such other and future relief as the nature of the case may admit or require and as may be just and equitable.

Dated: March 12, 2009                               Respectfully submitted,

Thomas H. Jenkins, Bar No. 382754
Kenneth J. Meyers, Bar No. 106443

**Of Counsel:**                                     FINNEGAN, HENDERSON, FARABOW,
Elizabeth E. Mathiesen                                 GARRETT & DUNNER, L.L.P.
FINNEGAN, HENDERSON,                                901 New York Avenue, N.W.
FARABOW GARRETT &                                   Washington, D.C.  20001-4413
DUNNER, L.L.P.                                      (202) 408-4000
55 Cambridge Parkway
Cambridge, MA 02141-1215                            Attorneys for Plaintiff
(617) 452-1600                                      GERON CORP

EXHIBIT A